IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL JOSENHANS<br><br>Plaintiffs,<br><br>v.<br><br>SOURCEFIRE, INC.; JOHN C. BECKER; MARTIN F. ROESCH; STEVEN R. POLK; TIM A. GULERI; MICHAEL CRISTINZIANO; ARNOLD L. PUNARO; CHARLES E. PETERS, JR., KEVIN M. KLAUSMEYER; CISCO SYSTEMS, INC.; and SHASTA ACQUISITION CORP.<br><br>Defendants. | Case No. **JKB 13 CV 2332**<br><br>CLASS ACTION<br><br>NOTICE OF REMOVAL<br><br>___FILED ___ENTERED<br>___LODGED ___RECEIVED<br><br>AUG 0 9 2013<br><br>AT BALTIMORE<br>CLERK U.S. DISTRICT COURT<br>DISTRICT OF MARYLAND<br>NIGHT DROP BOX |

## NOTICE OF REMOVAL

Defendant Steven R. Polk pursuant to 28 U.S.C. §§ 1441(a) and 1332, hereby files this Notice of Removal of this action from the Circuit Court for Howard County in the State of Maryland, to the United States District Court for the District of Maryland, and states as follows:

### Facts

1. On or about August 6, 2013, plaintiff Michael Josenhans ("Plaintiff") filed a complaint (the "Complaint") in the Circuit Court for Howard County, in the State of Maryland, where it is now pending under Case No. 13-C-13-95849 (the "State Action"). A true and correct copy of the Complaint is attached as Exhibit A to this Notice of Removal.

2. The Complaint is pled as a putative class action on behalf of all the holders of Sourcefire, Inc. ("Sourcefire") common stock. The Complaint names as defendants Sourcefire and each member of its Board of Directors, Cisco Systems Inc. ("Cisco") and Shasta Acquisition Corporation ("Merger Sub"). Plaintiff alleges that the Sourcefire directors breached their

pa-1601560

fiduciary duties by agreeing to a premium, all cash acquisition from Cisco, which was announced on July 23, 2013. The acquisition would provide each Sourcefire shareholder with $76 per share in cash, which represents a 27% premium over the trading price of Sourcefire's stock on the day before the announcement, and the aggregate purchase price would be approximately $2.7 billion.

3. No defendant has filed an answer or other pleading in the State Action and the time in which defendants must answer or otherwise respond to the Complaint has not elapsed.

### Basis for Federal Subject Matter Jurisdiction

4. This Notice of Removal is filed within thirty days after Defendant Polk's receipt of the Complaint in this action as required by 28 U.S.C. § 1446(b).

5. As set forth more fully below, Defendant is informed and believes and thereupon alleges that there is complete diversity of citizenship among the parties. Specifically:

(a) Despite state court rules requiring such information, Plaintiff Michael Josenhans does not list his residence or citizenship in the complaint. The address for Plaintiff listed in the complaint is the corporate office of Defendant Sourcefire Inc., which is not Mr. Josenhans address. Public record searches did not identify any person by that name who was a resident or citizen of Maryland. Public records searches did not identify the Mr. Josenhans, who is identified only broadly in the complaint, as being a citizen of one of the states of which a defendant is a citizen, as provided below.

(b) Defendant John C. Becker is a resident of Oakton, Virginia, and is a citizen of the Commonwealth of Virginia for purposes of diversity jurisdiction;

(c) Defendant Martin F. Roesch is a resident of Ellicott City, Maryland, and is a citizen of the State of Maryland for purposes of diversity jurisdiction;

(d) Defendant Steven R. Polk is a resident of Universal City, Texas, and is a citizen

of the State of Texas for purposes of diversity jurisdiction;

(e) Defendant Tim A. Guleri is a resident of Menlo Park, California, and is a citizen of the State of California for purposes of diversity jurisdiction;

(f) Defendant Michael Cristinziano is a resident of Wake Forest, North Carolina, and is a citizen of the State of North Carolina for purposes of diversity jurisdiction;

(g) Defendant Arnold L. Punaro is a resident of McLean, Virginia, and is a citizen of the Commonwealth of Virginia for purposes of diversity jurisdiction;

(h) Defendant Charles E. Peters Junior is a resident of Wake Forest, North Carolina, and is a citizen of the State of North Carolina for purposes of diversity jurisdiction;

(i) Defendant Kevin M. Klausmeyer is a resident of Houston, Texas, and is a citizen of the State of Texas for purposes of diversity jurisdiction;

(j) Defendant Cisco is a California corporation with a principal place of business in San Jose, California, and is a citizen of the State of California for purposes of diversity jurisdiction;

(k) Defendant Sourcefire is a Delaware corporation with a principal place of business in Columbia, Maryland, and is a citizen of the State of Maryland and Delaware for purposes of diversity jurisdiction; and

(l) Defendant Merger Sub is a Delaware corporation with a principal place of business in Wilmington, Delaware, and is a citizen of the state of Delaware for purposes of diversity jurisdiction.

6. The matter in controversy exceeds the sum of $75,000, the minimum jurisdictional limit of this court in a diversity case. In particular, paragraph 2 of the Complaint asserts that the transaction, which plaintiff is seeking to enjoin, is for the aggregate purchase

price of approximately $2.7 billion. Accordingly, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

**Basis for Removability**

7. As of the time of this filing no Maryland defendant has been served with the Complaint or with service of process in the State Action.

8. Because no Maryland defendant has been served with process in the State Action, 28 U.S.C. § 1441(b) does not preclude removal by Defendant Polk. Section 1441(b) provides in relevant part that actions premised on (inter alia) the Court's diversity jurisdiction "may not be removed if any of the parties in interest properly joined *and served* as defendants is a citizen of the State in which such action brought." 28 U.S.C. § 1441(b) (emphasis added). The fact that certain defendants are citizens of the State of Maryland, thus, does not preclude removal. *See, e.g., Clawson v. FedEx Ground Package Sys., Inc.*, 451 F. Supp. 2d 731, 736 (D. Md. 2006) (noting that courts have "allowed removal where one or more nonresident defendants wish to remove and any resident defendants have not been served"); *see also McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001) ("Where there is complete diversity of citizenship, . . . the inclusion of an *unserved* resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b)").

9. None of the defendants have been served with process in the State Action. As a result, non-removing defendants need not join in, or consent to, this removal. *See Clawson*, 451 F. Supp. 2d at 736 ("unserved defendants may be ignored in determining whether there is unanimous consent to removal"); *see also Shaffer v. Nw. Mut. Life Ins. Co.*, 394 F. Supp. 2d 814, 819 (N.D. W. Va. 2005) ("a co-defendant is not required to join or consent if it has not been served with the initial pleadings at the time the notice of removal is filed"). Accordingly, at this

time, no consent to removal is required from any of the co-defendants.

### Other Provisions

10.  Written notice hereof is being provided to Plaintiff and a copy of this Notice of Removal is being filed contemporaneously with the Circuit Court for Howard County in accordance with 28 U.S.C. § 1446(d).

11.  To date, no process, pleadings, papers or orders have been served upon Defendant Polk. Accordingly, there are no such documents to submit with this Notice of Removal pursuant to 28 U.S.C. § 1446(a). Defendant Polk has otherwise obtained a copy of the Complaint from the Clerk of Court for the Circuit Court, Howard County, in the State of Maryland. As already noted, a true and correct copy of the Complaint is attached hereto as Exhibit A.

WHEREFORE, Defendant Polk requests that this action be removed from the Circuit Court for Howard County, in the State of Maryland, to the United States District Court for the District of Maryland pursuant to 28 U.S.C. § 1441(a), and that no further proceedings be had in the State Action.

Dated: August 9, 2013                    By:  /s/ Jessica N. Childress
                                         JESSICA N. CHILDRESS, Bar No. 29537
                                         MORRISON & FOERSTER LLP
                                         1650 Tysons Boulevard, Suite 400
                                         McLean, Virginia 22102
                                         Telephone: (703) 760-7700
                                         Fax: (703) 760-7777

                                         ERIK J. OLSON (*pro hac vice pending*)
                                         JOSEPH K. KANADA (*pro hac vice
                                         pending*)
                                         MORRISON & FOERSTER LLP
                                         755 Page Mill Road
                                         Palo Alto, CA  94304-1013
                                         Telephone:  (650) 813-5600
                                         Facsimile:  (650) 494-0792

                                         Attorneys for Defendant
                                         STEVEN R. POLK

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Defendant Steven R. Polk's Notice of Removal was served via the CM/ECF system for the United States District Court for the District of Maryland and U.S. Postal Mail on Plaintiff's counsel listed below on August 9, 2013.

> Charles J. Piven, Esq.
> Yelena Trepetin, Esq.
> Brower Piven
> 1925 Old Valley Road
> Stevenson, MD, 21153
> Telephone: 410.332.0030
> Fax: 410.685.1300
> *Attorneys for Plaintiff*
>
> Thomas Matthew Buchanan, Esq.
> Winston and Strawn LLP
> 17 K Street NW
> Washington, DC 20006
> (202) 282-5000
> *Cisco Systems, Inc.*

>                          /s/ Jessica N. Childress
>                       *Attorney for Defendant Steven R. Polk*